U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 17  PM 2: 26

LORETTA G. WHYTE
         CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER CHAPMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-353** |
| **WARDEN JAMES MILLER, ET AL.** | **SECTION "S" (3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Walter Chapman, a state inmate, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Warden James Miller, Richard Stalder, and Governor Kathleen Blanco. In this lawsuit, plaintiff asserts claims for religious discrimination and confiscation of property.

Defendants have filed a motion to dismiss, motion to quash, and motion for a more definite statement,[1] which plaintiff has opposed.[2]

### Motion to Quash

The Court turns first to defendants' motion to quash. In that motion, what defendants actually seek is dismissal pursuant to Fed.R.Civ.P. 12(b)(5) on the basis that they have not been properly served. Defendants argue that service was improper because the United States Marshal effected service by mail.

---

[1] Rec. Doc. 15.

[2] Rec. Docs. 23 and 24.

However, even if service of process was not properly effected,[3] dismissal would not be appropriate in this case. Special considerations are given under the Federal Rules of Civil Procedure to parties, like plaintiff, who proceed *in forma pauperis*. Plaintiffs proceeding *in forma pauperis* are specifically permitted to have the U.S. Marshal effect service of process on other parties. See Fed.R.Civ.P. 4(c)(2). When an *in forma pauperis* plaintiff has requested service by the U.S. Marshal, the plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). So long as the plaintiff requests that the U.S. Marshal serve the appropriate defendants and attempts to remedy any defects in service of which he has knowledge, a court should not dismiss his complaint for the U.S. Marshal's failure to properly serve a party. See Wharton v. Metro. Transit Auth. of Harris County, No. Civ. A. H-05-0413, 2005 WL 1653075, at *2 (S.D. Tex. July 8, 2005); Kimble v. Allied Physicians, LLC, No. Civ. A. 04-2372, 2005 WL 1038202, at *2 (E.D. La. Apr. 29, 2005).

Here, plaintiff identified each of the defendants and requested service by the U.S. Marshal. Defendants have not pointed to any defect in service of which plaintiff was aware. Accordingly, any

---

[3] Defendants are correct that service of the complaint by mail is generally not a proper method of service under either Fed.R.Civ.P. 4(e) or Louisiana law. See La.C.Civ.P. art. 1231 *et seq.* However, it is not clear that service was in fact made by certified mail with respect to Blanco and Stalder. The U.S. Marshal was instructed to serve the summons and complaint on the defendants in Baton Rouge, Louisiana. The returns indicate that they were in fact served on those defendants by the U.S. Marshal. While the word "mailed" does appear on the returns, the notation appears to mean that the returns were mailed from New Orleans to Baton Rouge for service by the U.S. Marshal there. See Rec. Docs. 3 and 4.

such defect was not the result of fault on the part of plaintiff, and his claims should not be dismissed based on Fed.R.Civ.P. 12(b)(5).

Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1)

Although plaintiff did not so specify in his original complaint, he indicates in one of his memoranda in opposition to defendants' motion that he is suing defendants in both their official and individual capacities.[4] Defendants argue that the official-capacity claims against them must be dismissed pursuant to the Eleventh Amendment.

As defendants correctly note, a suit against a state official in his official capacity is actually a suit against the state itself. Hafer v. Melo, 502 U.S. 21, 25 (1991). However, the Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). Moreover, in Cozzo, the United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Id. at 281 (quotation marks and citations omitted). Because the Eleventh Amendment deprives this Court of jurisdiction over plaintiff's claims against the state, the official-capacity claims, as

---

[4] Rec. Doc. 23, p. 1.

defendants argue in their motion, should be dismissed without prejudice pursuant to Fed.R.Civ.P. 12(b)(1). See Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996).

### Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)

Defendants next move for dismissal of the individual-capacity claims against them pursuant to Rule 12(b)(6) for failure to state a claim. "[A] motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges the plaintiff's rights to relief based upon those facts." Ramming v. United States, 281 F.3d 158, 162 (5th Cir. 2001) (quotation marks omitted). "When ruling on a rule 12(b)(6) motion, the court must liberally construe the complaint in favor of the plaintiff and assume the truth of all pleaded facts." Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).

In the complaint, plaintiff stated that, while incarcerated at the Washington Correctional Institute, "I've experienced suppression of my right to religious expression; I've experienced arbitrarily confiscation of my personal property; I've experienced threats to harm me physically, and none of these instant I mention herein were justified in any manner."[5] He went on to state that an unnamed security officer confiscated a number of items of plaintiff's personal property, some of which were religious items he uses in practicing his Islamic faith. He further stated he was told by the officer that he could not be "an African Muslim"; rather, he could only be "a Christian Muslim." Petitioner stated that he then filed a grievance regarding the incident with "the ranking officer" and Warden Miller; however, "no progress was made at all."

---

[5] Rec. Doc. 1, p. 4.

4

Defendants argue in their motion that plaintiff has stated no cognizable claims against them personally. If true, that is in fact a fatal flaw. "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Moreover, the United States Fifth Circuit Court of Appeals has held: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). The Court must therefore examine the allegations plaintiff makes against the named defendants.

As to Governor Blanco, plaintiff makes no allegations whatsoever against her in the complaint. Additionally, even if the Court considers plaintiff's statements in his subsequent filings as amendments to the complaint,[6] the allegations against the governor still fail to state a cognizable claim.

In his memorandum in opposition to defendants' motion, plaintiff indicates that he has named Governor Blanco as a defendant because she failed to respond to correspondence forwarded to her

---

[6] The United States Fifth Circuit Court of Appeals has held when a district court is considering a Rule 12(b)(6) motion in a case filed by a *pro se* plaintiff, the district court should consider the "complaint under the less stringent standards applicable to *pro se* litigants." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). In such cases, the district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." Id. Therefore, a *pro se* litigant's supplemental filings which "embellish[] the original complaint's averments" may appropriately be considered when ruling on a Rule 12(b)(6) motion. Id.

5

on September 4, 2005, and to correct the alleged violations about which he complained.[7] However, even if that is true, the Court finds that such a claim is foreclosed by Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). In Geiger, a prisoner alleged that prison officials failed to properly investigate his grievances and letters complaining about perceived rights violations. The Fifth Circuit held that the claim was frivolous because a prisoner has no federally protected liberty interest in having his grievances investigated and resolved to his satisfaction. Id. at 373-74. This Court finds that the same rule would apply with respect to plaintiff's unanswered correspondence to the governor.

Plaintiff also indicates that he has named Governor Blanco because she is the employer of Richard Stalder, Secretary of the Louisiana Department of Public Safety and Corrections.[8] However, under 42 U.S.C. § 1983, a supervisory official is not liable for the actions of his or her subordinates under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

As to Richard Stalder, who has also been named as a defendant herein, the complaint likewise contains no allegations whatsoever against him. However, in plaintiff's memorandum in opposition to defendants' motion, he indicates that he has named Stalder because he also failed to correct the violations about which plaintiff complained in his administrative grievance.[9] Again, as

---

[7]   Rec. Doc. 24, p. 3.

[8]   Rec. Doc. 24, p. 3.

[9]   Rec. Doc. 24, p. 5.

noted above, such a claim is precluded by Geiger. Moreover, as also noted above, Stalder cannot be held liable based solely on his supervisory position.

The same is true with respect to plaintiff's claim against the remaining defendant, Warden James Miller. Miller had no personal involvement in the confiscation of plaintiff's property or the other alleged violations. Rather, it is clear from the complaint and the supplemental filings that he has been named as a defendant simply because he is the Warden and allegedly failed to satisfactorily respond to plaintiff's administrative grievances.[10] For the reasons previously set forth, such a claim simply is not cognizable in a federal civil rights action.[11]

### RECOMMENDATION

It is therefore **RECOMMENDED** that defendants' motion to dismiss be **GRANTED**, that the official-capacity claims against defendants be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed.R.Civ.P. 12(b)(1), and that the individual-capacity claims against defendants be **DISMISSED WITH PREJUDICE** pursuant to Fed.R.Civ.P. 12(b)(6).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

---

[10] See Rec. Doc. 1, p. 4, and Rec. Doc. 24, pp. 4-5.

[11] Because there are no sets of facts under which plaintiff could state a viable claim against the named defendants based on the legal theories he asserts, it would futile to require either a Rule 12(e) more definite statement or a Schultea reply as defendants alternatively request.

7

provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirteenth day of January, 2006.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

8